E. B. MARTIN AND A. B. QUISENBERRY *v.* ROBT. P. HOLLOWELL.

**Bills and Notes—Set-off by Maker.**

> The maker of a note can not claim a set-off against the note for the price of goods, which was executed and delivered more than a year after the goods were delivered; and after the note was executed, the maker sought to procure the assignee of the note to become his surety on a note so that it might pass in payment for a stock of goods.

### APPEAL FROM CALDWELL CIRCUIT COURT.

December 13, 1872.

OPINION BY JUDGE PETERS:

The tobacco, the price for which appellant pleads as an off-set against the demand sued on, was delivered more than a year before the note was executed, and appellant does not even attempt to account for his failure to assert his right to the price of the tobacco at that time.

Besides Boyd proves that Martin came to him with young Cannon, whose father then held the note by assignment, and requested the witness to become his (Martin's) surety on the note in order that Cannon, the holder, might pass it to appellee in payment pro tanto for a stock of goods sold by him to Cannon. These transactions, and this conduct on the part of Martin are inconsistent with any pretext for a claim to an off-set against the note.

Looking to the evidence, the instruction given by the court below was as favorable to appellant as he was legally entitled to have it.

Wherefore the judgment of the court below is *affirmed.*

*J. R. Hewlett, John Rodman, for appellants.*

*R. W. Wake, for appellee.*